On respondent - cross-appellant's petition for reconsideration filed June 19, and appellant - cross-respondent's response to petition for reconsideration filed June 26, reconsideration allowed; previous opinion (182 Or App 44, 48 P3d 824 (2002)) adhered to August 7, 2002

Mayola WILLIAMS,
Personal Representative of the
Estate of Jesse D. Williams, Deceased,
*Appellant - Cross-Respondent,*

*v.*

PHILIP MORRIS INCORPORATED,
*Respondent - Cross-Appellant,*

*and*

RJ REYNOLDS TOBACCO COMPANY,
Fred Meyer, Inc.,
and Philip Morris Companies, Inc.,
*Defendants.*

9705-03957; A106791

51 P3d 670

William F. Gary, and Harrang Long Gary Rudnick, P.C., for petition.

James S. Coon, and Swanson, Thomas & Coon, *contra*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant petitions for reconsideration of our previous opinion in this case. *Williams v. Phillip Morris Inc.*, 182 Or App 44, 48 P3d 824 (2002). It asks us to modify our discussion of the effect of the consent judgment that defendant entered into with the State of Oregon as part of its settlement of the state's claims against it and other tobacco companies.[1] We allow the petition in order to respond to defendant's arguments, and we adhere to our previous opinion.

■■ After the jury returned its verdict awarding punitive damages of $79.5 million, defendant offered the consent judgment in support of its argument that the trial court should reduce or eliminate the award of punitive damages. The trial court refused to consider it for that purpose, and we affirmed. As we explained in our previous opinion:

> "Finally, defendant argues that the trial court erred in refusing to exercise its discretion under ORS 18.537(3) to reduce the jury's award to reflect a settlement that it and other cigarette manufacturers had reached with 46 states. That statute authorizes a court to reduce an award if the defendant establishes that it has taken reasonable remedial measures to prevent recurrence of the conduct that gave rise to the punitive damages award. Defendant argues that the settlement with the state qualifies under the statutory criteria. The trial court denied the motion on the ground that the settlement did not constitute an unequivocal acceptance of responsibility, which it believed was necessary to meet the criteria for a reduction in the jury's award under the statute. Plaintiff also argues that, to the extent that the statute permits a court to reduce a jury's award based on evidence that was not before the jury, the statute violates Article VII (Amended), section 3, of the Oregon Constitution.
>
> "We do not need to decide whether either defendant or plaintiff correctly understands the import of the statute.

---

[1] According to defendant, that consent judgment followed the pattern of, and contained essentially the same terms as, consent judgments or decrees between defendant and the other 45 states involved in litigation with the tobacco industry.

The factual foundation of defendant's argument is the Consent Decree and Final Judgment that resolved the litigation between defendant and the State of Oregon. Section VI(G) of that judgment provides, in part:

" *'Neither this Consent Decree and Final Judgment nor any public discussions, public statements or public comments* with respect to this Consent Decree and Final Judgment by the State of Oregon or any Participating Manufacturer or its agents *shall be offered or received in evidence in any action or proceeding for any purpose* other than in an action or proceeding arising under or relating to this Consent Decree and Final Judgment.' (Emphasis added.)

"The trial court could not use the settlement as a basis for reducing the jury's verdict without the consent judgment somehow being in evidence. By its own terms, which reflect defendant's agreement with the state and the other parties to the litigation that led to the judgment, the settlement was not admissible for the purpose for which defendant seeks to use it in this case. The trial court did not err." *Williams*, 182 Or App at 72-73 (footnote omitted).

In its petition for reconsideration, defendant argues that plaintiff was not entitled to rely on Section VI(G) in opposing the admission of the consent judgment.[2] In defendant's view, defendant may use the consent judgment against third parties in this fashion without their being able to object. In support of that position, defendant points to Section III(B) of the consent judgment, which provides:

"This Consent Decree and Final Judgment is not intended to and does not vest standing in any third party with respect to the terms hereof. No portion of this Consent Decree and Final Judgment shall provide any rights to, or be enforceable by, any person or entity other than the State of Oregon or a Released Party. The State of Oregon may not assign or otherwise convey any right to enforce any provision of the Consent Decree and Final Judgment."

Defendant argues that, under that provision, plaintiff has no standing to enforce the consent judgment. From that proposition, it then attempts to draw the corollary that plaintiff

[2] Defendant concedes that plaintiff adequately raised that issue at the trial court and on appeal, although it was not the focus of plaintiff's argument.

may not invoke Section VI(G) in opposing defendant's attempt to use the consent judgment against plaintiff. According to defendant,

> "[i]t was the intention of the parties to the Consent Judgment to limit its admissibility in any subsequent proceedings between the parties in order to protect against the use of the [Master Settlement Agreement] or the Consent Judgment as some sort of admission of liability by the defendant. But the provisions of Section VI(G) have no effect in a suit against Philip Morris by a private party." (Footnote omitted.)

The difficulty with defendant's argument is its underlying premise that plaintiff is attempting to enforce the consent judgment, to assert rights under it, or to use it as some sort of admission of liability. Plaintiff did not do any of those things when it objected to the admission of the consent judgment into evidence. Defendant was the only party that attempted to assert a right under the consent judgment; it wanted the court to consider the judgment in mitigation of the jury's award of punitive damages. Plaintiff's argument based on Section VI(G) is a response to defendant's offer of evidence and not a claim that plaintiff has any rights under the consent judgment. A party always has standing to object to the admissibility of evidence offered against it. *See State v. Tanner*, 304 Or 312, 316, 745 P2d 757 (1987) ("A criminal defendant always has standing to challenge the admission of evidence introduced by the state."). That is all that plaintiff did in this case.

■      Defendant may be correct that one purpose of Section VI(G) was to prevent other plaintiffs from using the settlement against it and the other settling parties; that is a common reason for such provisions in settlement agreements. In addition, Section III(B) prevents third parties from asserting any rights under the consent judgment. However, nothing in the consent judgment supports defendant's further assertion that the provisions of Section VI(G) have no effect in an action against defendant by a third party. The terms of Section VI(G) are clear and unlimited: the consent judgment is inadmissible "in any action or proceeding for any purpose" other than an action or proceeding arising under or relating to the consent judgment. There is no exception that

allows defendant to use the consent judgment in actions against defendant by a third party. "[Not] offered or received in evidence" means "[not] offered or received in evidence." For the reasons that we stated in our previous opinion, the trial court correctly refused to consider the consent judgment in ruling on defendant's motion to reduce the award of punitive damages.

Reconsideration allowed; previous opinion adhered to.