■ THERESA SHEA, Appellant, v AMERICAN TOBACCO COMPANY et al., Respondents, et al., Defendants. (Action No. 1.) JUSTIN TOMASINO, Appellant, v AMERICAN TOBACCO COMPANY et al., Respondents, et al., Defendants. (Action No. 2.) [901 NYS2d 303]—

In two related actions to recover damages for personal injuries, etc., (1) the plaintiff in action No. 1 appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 9, 2008, as, upon renewal, granted the motion of the defendants American Tobacco Company, Lorillard Tobacco Company, Philip Morris Incorporated, R.J. Reynolds Tobacco Company, Liggett & Myers Tobacco Company, Brown & Williamson Tobacco Corporation, Tobacco Institute, Inc., and Council for Tobacco Research-USA, Inc., for summary judgment dismissing the claim for punitive damages insofar as asserted against each of them, and (2) the plaintiff in action No. 2 separately appeals from an order of the same court (Martin, J.) dated June 5, 2009, which granted the separate motion of those defendants for summary judgment dismissing the claim for punitive damages insofar as asserted against each of them.

Ordered that the order dated December 9, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 5, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs in actions No. 1 and 2 alleged that their deceased spouses, respectively, contracted lung cancer from smoking cigarettes for more than 20 years. The plaintiffs alleged that the cigarettes were manufactured, promoted, and/or sold by the defendants American Tobacco Company, Lorillard Tobacco Company, Philip Morris Incorporated, R.J. Reynolds Tobacco Company, Liggett & Myers Tobacco Company, and Brown & Williamson Tobacco Corporation, as well as two tobacco related entities, the defendants Tobacco Institute, Inc., and Council for Tobacco Research-USA, Inc. (hereinafter collectively the defendants).

In action No. 1 the defendants moved before the Supreme Court for leave to renew a prior motion for summary judgment dismissing the punitive damages claim insofar as asserted against them on the ground that the claim was barred by the doctrine of res judicata. In action No. 2 the defendants separately moved for summary judgment dismissing the claim for punitive damages insofar as asserted against them on the same ground. The action upon which they premised their asser-

tion of res judicata was brought by the New York State Attorney General in 1997 "in parens patriae on behalf of the People of the State of New York, in order to protect their welfare," and sought punitive damages against the same defendants for the same conduct at issue here. That action ultimately resulted in a "Master Settlement Agreement" and related "Consent Decree" judgment releasing the defendants, among others, from certain liability, including punitive damages in cases commenced by individual New York State residents.

The defendants asserted that the punitive damages claim against them was barred by the doctrine of res judicata. They principally relied on the case of *Fabiano v Philip Morris Inc.* (54 AD3d 146 [2008]), where the Appellate Division, First Department gave res judicata effect to the master settlement agreement and consent decree judgment entered in the prior parens patriae action, thus barring the punitive damages claim. The Supreme Court granted the defendants' separate motions for summary judgment dismissing the claim for punitive damages insofar as asserted against them in both action No. 1 and action No. 2. We affirm.

The consent decree judgment provides that it shall not "be offered or received in evidence in any action or proceeding for any purpose other than in an action or proceeding arising under or relating to this Consent Decree and Final Judgment." "Claims" within the scope of the master settlement agreement are defined as, inter alia, "liabilities of any nature including civil penalties and punitive damages . . . known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable or statutory." The plaintiffs' claims for punitive damages are among those "claims" encompassed by the expressed language and scope of the master settlement agreement. Consequently, the master settlement agreement and consent decree are admissible in determining the defendants' motion based upon the doctrine of res judicata, as the plaintiffs' punitive damage claims "relate" to the master settlement agreement and consent decree (*but see Williams v Philip Morris Inc.,* 183 Or App 192, 196-197, 51 P3d 670, 671 [2002], *cert granted on other grounds* 540 US 801 [2003]).

Based on the master settlement agreement and consent decree judgment, the Supreme Court properly determined that the defendants were entitled to the dismissal of the plaintiffs' claims for punitive damages on the basis of the doctrine of res judicata (*see Fabiano v Philip Morris Inc.,* 54 AD3d at 151-152).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.