14-144-cv (L)
Mulholland v. Philip Morris USA, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

_____

FLORENCE MULHOLLAND, on behalf of herself and as adminstratix of the estate of DAVID MULHOLLAND,

              *Plaintiff-Appellee-Cross-Appellant*,

         v.                              14-144-cv (L); 14-265-cv (XAP)

PHILIP MORRIS USA, INC.[1],

              *Defendant-Appellant-Cross-Appellee*.

_____

Appearing for Appellant-Cross Appellee:     Scott A. Chesin, Mayer Brown LLP, (Michael Rayfield, Mayer Brown LLP; Thomas J. Quigley, Winston & Strawn LLP, *on the brief*) New York, N.Y.

Appearing for Appellee-Cross-Appellant:     Jerome H. Block, Levy -Konigsberg, LLP, (Amber R. Long, *on the brief*), New York, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*) and cross-appeal from the United States District Court for the Southern District of New York (Brieant, *J.*).

          **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

          Philip Morris USA Inc. ("PM USA") appeals from the August 15, 2013 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), entered after a jury trial, awarding Florence Mulholland ("Mulholland") $4,932,269.52 on her claim for failure to warn, and from the December 9, 2013 order of the district court denying PM USA's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Florence Mulholland cross-appeals from (1) the district court's July 24, 2007 memorandum and order (Brieant, *J.*) granting PM USA summary judgment on her claim for punitive damages and (2) the district court's denial of her motion to amend the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

          PM USA first argues that the district court committed reversible error by failing to instruct the jury on but-for causation with respect to Mulholland's claim for failure-to-warn. We find no error. First, the instruction given by the district court is consistent with the suggested instruction in the New York Pattern Jury Instructions. *See Celle v. Filipino Reporter Enters. Inc.,* 209 F.3d 163, 174 (2d Cir. 2000) ("These draft instructions—with extensive citations to cases, statutes and secondary authorities—are kept up-to-date by a distinguished group of New York Supreme Court Justices and law professors. They are relied upon in New York courts and in federal courts in diversity actions."). Second, PM USA failed to cite a single case where our Court held that a district court's failure to include a but-for instruction constituted reversible error. Assuming arguendo that a but-for instruction could be legally necessary in a specific case, PM USA has not demonstrated that a but-for instruction would have had any effect on this case. PM USA contends such an instruction was required in this case because one of its "central theories was that Mr. Mulholland would have smoked and contracted lung cancer regardless of any warnings PM USA had giving him." PM USA Br. at 31. But in finding that PM USA's failure to warn was a substantial factor in bring about Mr. Mulholland's injury (as was required by the district court's jury instruction), the jury would necessarily have had to reject the theory that Mr. Mulholland would have smoked even if he received adequate warning. For the failure to warn to have had any effect, it cannot be that Mr. Mulholland would have smoked regardless of any warnings. PM USA's argument that a but-for instruction would have altered the verdict does not withstand basic legal scrutiny.

          PM USA also argues that the district court abused its discretion by admitting into evidence David Mulholland's deposition testimony that if he had known when he began smoking in the early 1960s that smoking could cause cancer, then he "wouldn't have smoked" cigarettes. The district court initially declined to admit this testimony on the ground that it was "pure speculation" and not "helpful to the jury." However, the district court reversed itself after our decision in *United States v. Cuti*, 720 F.3d 453 (2d Cir. 2013), finding *Cuti* "moved the needle . . . enough" to let the evidence in. PM USA argues that the testimony was speculative and self-

serving. "Even if we do find that evidentiary rulings were manifestly erroneous, we will not grant a new trial if we find that the improperly admitted evidence was harmless—i.e., that the evidence was unimportant in relation to everything else the jury considered on the issue in question." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal alteration and quotation marks omitted). Even assuming arguendo that the district court erred in admitting the testimony, we do not think this ruling merits granting a new trial. PM USA introduced a great deal of evidence at trial to support its theory that David Mulholland would have smoked even if he had been adequately warned, including his testimony that he "never really looked" at the cigarette warnings once they did start appearing on cigarette packages. But Mulholland introduced a significant amount of other evidence that David Mulholland would have heeded an adequate waning if one were given. For example, she introduced expert testimony showing that many fewer teens take up smoking once exposed to health warnings, she emphasized that David Mulholland made several attempts to quit smoking once he learned of the hazards of smoking. She also introduced evidence that he wore protective safety equipment when doing career-related painting and welding because he knew the health dangers of paint fumes, indicating that he did avoid risks when he knew about them. On balance, we conclude that any error in admitting the testimony was harmless.

In her cross-appeal, Mulholland argues that the district court erred in granting PM USA summary judgment on her punitive damages claim. The district court found that the Master Settlement Agreement ("MSA") entered into by New York State with the nation's major tobacco companies, including PM USA, barred private plaintiffs such as Mulholland from suing for punitive damages. The district court concluded that because the New York Attorney General brought the suit acting as parens patriae on behalf of the citizens of New York, Mulholland was in privity with the New York Attorney General and punitive damages were barred. On appeal, Mulholland argues she was not in privity with the Attorney General, such that res judicata does not apply to her punitive damages claim.

There is no error. Both New York Appellate Divisions to consider this issue have concluded that punitive damages are public, not private, and private plaintiffs are barred from seeking punitive damages for the same course of conduct against the same defendants as were involved in the MSA. *Fabiano v. Philip Morris Inc.*, 862 N.Y.S.2d 487,490 (1st Dep't 2008) (internal citation omitted); *see also Shea v. Am. Tobacco Co.*, 901 N.Y.S.2d 303 (2d Dep't 2010) ("Based on the master settlement agreement and consent decree judgment, the Supreme Court properly determined that the defendants were entitled to the dismissal of the plaintiffs' claims for punitive damages on the basis of the doctrine of res judicata."); *see also Grill v. Philip Morris USA, Inc.*, 653 F. Supp. 2d 481, 498 (S.D.N.Y. 2009) (finding res judicata barred plaintiff's claim for punitive damages in action against cigarette manufacturer); *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) ("We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts . . .).

Nor do we find that the district court abused its discretion in denying Mulholland's motion to amend the judgment. any error in the method the district court used to calculate the setoff amount credited to PM USA in arriving at the final judgment. "[D]istrict courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citation omitted). In calculating the judgment at issue here, the district court applied the same methodology that this Court set

3

forth for molding verdicts into judgments in wrongful death cases in *Bauman v. Keene Corp. (In re Joint E. Dist. & S. Dist. Asbestos Litig.)*, 18 F.3d 126, 128 (2d Cir. 1994). While *Bauman* discusses a method only for cases where prejudgment interest applied to the "entire verdict[]," neither *Bauman* nor any other case clearly mandates a specific method of calculating settlement set offs in cases involving wrongful death and non-wrongful death damages, or clearly states that application of the *Bauman* method to cases involving both types of damages would be unacceptable. *See id.* Further, Mulholland has not demonstrated that the district court's method for calculating interest resulted in a manifest injustice. Finding no abuse of discretion, we affirm.

We have considered the remainder of the arguments raised in both the appeal and the cross-appeal and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4